IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IRA DON PARTHEMORE,

    Plaintiff,                 No. 2:09-cv-2330-JFM (PC)

    vs.

M. MARTEL, et al.,

    Defendants.

    _____/      ORDER

         Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has filed a motion to amend his complaint together with a proposed amended complaint. Plaintiff is entitled to amend his complaint once as of right prior to service of a responsive pleading. See Fed. R. Civ. P. 15. Because no defendant has yet responded to the complaint, plaintiff's motion to amend, although unnecessary, will be granted and the court will screen the amended complaint. See 28 U.S.C. § 1915A(a).

         Pursuant to the screening provisions of 28 U.S.C. 1915A, the court is required must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

/////

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, id. However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff names five defendants in the amended complaint, including Warden Michael Martel. There are no charging allegations against Warden Martel in the amended complaint. Accordingly, the court will not order service of process on Warden Martel.

The complaint states a cognizable claim for relief against the remaining named defendants pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations of the

complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

Plaintiff named six defendants in his original complaint. By order filed October 9, 2009, the court ordered the United States Marshal to service process on three defendants, B. Kissel, Lonnie Jackson, and M. Kaplan. On the same day, the court ordered the California Attorney General to file and serve a response to the motion for preliminary injunction previously filed by plaintiff. To date, the United States Marshal has not returned signed waivers of service for any of the three defendants and the court is informed that the United States Marshal intends to complete personal service on these three defendants. On October 29, 2009, Williams & Associates, representing defendants in this action, filed a motion for extension of time to respond to plaintiff's motions for injunctive relief, and on December 10, 2009, the same firm filed an opposition to plaintiff's motions for injunctive relief. Good cause appearing, the court construes these documents as an appearance by defendants Kissel, Jackson, and M. Kaplan. Accordingly, the United States Marshal will be relieved of further obligation to service process on these three defendants and these three defendants will be directed to respond to the amended complaint within twenty days.

Plaintiff has added one defendant in the amended complaint, Dr. Peter Col. Dr. Col has filed a declaration in support of defendants' opposition to plaintiff's motions for injunctive relief. Good cause appearing, counsel for defendants will be directed to advise the court in writing within ten days whether counsel will waive service of process on behalf of Dr. Col. The court will make further orders concerning service of process or response by Dr. Col following receipt of counsel's response to this order.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's December 9, 2009 motion to amend is granted.

/////

/////

2. The amended complaint states a cognizable claim for relief against the following defendants: Associate Warden Lonnie Jackson; Captain Mark Kaplan; Counselor B. Kissel; and Dr. Peter R. Col.

3. Within twenty days from the date of this order, defendants Jackson, Kaplan, and Kissel shall file and serve a response to the amended complaint.

4. Within ten days from the date of this order, counsel for defendants shall advise the court in writing within ten days whether counsel will waive service of process on behalf of Dr. Col.

5. The United States Marshal is relieved of any further obligation to service process on defendants Jackson, Kaplan, or Kissel.

DATED: February 1, 2010.

UNITED STATES MAGISTRATE JUDGE

12
part2330.1am