1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10   IRA DON PARTHEMORE,

11           Plaintiff,                    No. 2:09-cv-2330-JFM (PC)

12       vs.

13   M. MARTEL, et al.,                    <u>ORDER AND</u>

14           Defendants.                   <u>FINDINGS & RECOMMENDATIONS</u>

15   _____/

16           Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil

17   rights action pursuant to 42 U.S.C. § 1983.  This matter is before the court on defendants' March

18   8, 2010 motion to dismiss this action for failure to exhaust administrative remedies prior to suit.

19   On October 9, 2009, the court advised plaintiff of the requirements for opposing a motion to

20   dismiss for failure to exhaust administrative remedies.  <u>See</u> <u>Wyatt v. Terhune</u>, 305 F.3d 1033 (9th

21   Cir. 2002).

22                            ANALYSIS

23           The exhaustion of administrative remedies prior to bringing a prisoner civil rights

24   action is required by 42 U.S.C. § 1997e(a).  The statute provides:

25           No action shall be brought with respect to prison conditions under
             [42 U.S.C. § 1983], or any other Federal law, by a prisoner
26   /////

1

> confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  The exhaustion requirement that it imposes is mandatory.  <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001). Exhaustion must precede the filing of the complaint; compliance with the statute is not achieved by satisfying the exhaustion requirement during the course of an action.  <u>See</u> <u>McKinney v. Carey</u>, 311 F.3d 1198 (9th Cir. 2002).  Claims dismissed for failure to exhaust administrative remedies should be dismissed without prejudice.  <u>Id</u>. at 1200.

> California's Department of Corrections provides a four-step grievance process for prisoners who seek review of an administrative decision or perceived mistreatment. Within fifteen working days of "the event or decision being appealed," the inmate must ordinarily file an "informal" appeal, through which "the appellant and staff involved in the action or decision attempt to resolve the grievance informally."  Cal.Code Regs., tit. 15, §§ 3084.5(a), 3084.6(c). [Footnote omitted.] If the issue is not resolved during the informal appeal, the grievant next proceeds to the first formal appeal level, usually conducted by the prison's Appeals Coordinator.  <u>Id</u>. §§ 3084.5(b), 3084.6(c). Next are the second level, providing review by the institution's head or a regional parole administrator, and the third level, in which review is conducted by a designee of the Director of the Department of Corrections.  [Footnote omitted.]  <u>Id</u>. § 3084.5(e)(1)-(2).

<u>Brown v. Valoff</u>, 422 F.3d 926, 929-30 (9th Cir. 2005).

This action was filed on August 21, 2009.  Plaintiff was granted leave to amend his complaint, and this action is proceeding on claims raised against four of the five defendants named in plaintiff's amended complaint, which was filed December 9, 2009.  <u>See</u> Order filed February 2, 2010.  Plaintiff claims that he was transferred from Mule Creek State Prison (Mule Creek) to the California Substance Abuse Facility (SATF) in Corcoran, California in retaliation for filing a request for accommodation under the Americans with Disabilities Act (ADA), asking for cataract surgery.

The amended complaint contains the following allegations relevant to the motion at bar.  In late July 2009, plaintiff filed an ADA request seeking cataract surgery.  On August 5,

2009, defendant Col agreed to request cataract surgery for plaintiff.  Later the same day, plaintiff was informed that Associate Warden Jackson had directed plaintiff to pick up a visually impaired vest.  On August 6, 2009, defendant Col completed a form stating that plaintiff was legally blind. On August 10, 2009, defendant Kissel called plaintiff to her office and told plaintiff that she was transferring him out of Mule Creek because he was wearing a visually impaired vest, which meant he was legally blind, and Mule Creek did not have facilities for legally blind people.  On August 12, 2009, plaintiff was brought to a classification committee meeting led by defendant Kaplan.  As a result of the hearing, plaintiff was endorsed for transfer to SATF and placed on the "speedy transfer" list.  Plaintiff was transferred to SATF on September 22, 2009.

Exhibits appended to plaintiff's amended complaint show that plaintiff filed an administrative grievance complaining about the impending transfer on August 31, 2009, ten days after the instant action was filed.  See Ex. 5 to Amended Complaint.  By letter dated September 4, 2009, the grievance was returned to plaintiff because it was incomplete and plaintiff was advised that he had to provide supporting documentation.  Id.

It is clear from the foregoing that plaintiff did not exhaust administrative remedies with respect to his retaliation claim prior to suit.  Moreover, any additional claims raised in the amended complaint are based on events that occurred after this action was filed and plaintiff could not, therefore, have exhausted administrative remedies with respect to the claims arising from those allegations prior to suit.

The essence of plaintiff's opposition to the motion at bar is that there was no administrative remedy available to him.  In the amended complaint, plaintiff alleges that he was told by defendant Kissel that the "situation was unappealable and not to bother."  Amended Complaint, filed December 9, 2009, at 2.  As discussed above, plaintiff did, however, file a grievance on August 31, 2009, and the response to the grievance demonstrated not that there was no administrative remedy available but that plaintiff was required to provide more information to support the grievance.  In opposition to defendants' motion, plaintiff contends that he did not

1  appeal to the Director's Level from the two grievances cited by defendants in support of their

2  motion because he received relief at the second level of review and was not therefore required to

3  proceed to a higher level of administrative review to complete the exhaustion process.  The

4  record shows, however, that relief at the second level of administrative review on one of the

5  grievances filed by plaintiff came in December 2009, well after this action was filed and, as

6  noted above, plaintiff did not even start the administrative grievance process on his retaliation

7  claim until after he filed this action.

8          For all of the foregoing reasons, this court finds that plaintiff did not exhaust

9  available administrative remedies prior to filing this lawsuit.  Accordingly, this action must be

10  dismissed without prejudice.

11          In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the

12  Court is directed to assign this action to a United States District Judge; and

13          IT IS HEREBY RECOMMENDED that:

14          1.  Defendants' March 8, 2010 motion to dismiss be granted; and

15          2.  This action be dismissed without prejudice.

16          These findings and recommendations are submitted to the United States District

17  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

18  days after being served with these findings and recommendations, any party may file written

19  objections with the court and serve a copy on all parties.  Such a document should be captioned

20  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

21  objections shall be filed and served within fourteen days after service of the objections.  The

22  /////

23  /////

24  /////

25  /////

26  /////

1  parties are advised that failure to file objections within the specified time may waive the right to

2  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: August 24, 2010.

UNITED STATES MAGISTRATE JUDGE

12
part2330.mtd